# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO. 1:11-cr-12-21 |
|---|---|---|
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| vs. | ) | **MEMORANDUM OPINION** |
| MICHAEL FASON, | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of *pro se* defendant Michael Fason ("defendant") styled "Motion for Compassionate Release/Reduction in Sentence." (Doc. No. 1055 ["Mot."].) The United States of America (the "government") filed a response opposing the motion. (Doc. No. 1074.) For the reasons set forth herein, defendant's motion is **DENIED**.

## I. BACKGROUND

On July 28, 2011, this Court sentenced defendant to 41 months of imprisonment after he pleaded guilty to one count of distribution and conspiracy to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846. (Doc. No. 531 ["Judgment"] at 2358[1].) The Court also imposed a 6-year term of supervised release. (*Id.* at 2359.) During defendant's supervised release, a 3-count violation report was filed. (Doc. No. 966 ["Report"] at 4563.) Defendant admitted to Violations No. 1 and 2—New Law Violations (Attempted Improper Handling of a Firearm in Vehicle (F5) and Aggravated Possession of Drugs w/ Specs (F5) and Illicit Drug Use (positive

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

drug test for marijuana)—and the Government withdrew Violation No. 3—Unauthorized Contact With a Felon. (Doc. No. 1027 ["Order"] at 4916.) The Court revoked defendant's supervised release on February 15, 2018, and sentenced him a 6 month term of imprisonment to run consecutively with his undischarged sentence for the new law violations in the Lake County Court of Common Pleas ("Lake County"), Case No. 17CR00110. (*Id.* at 4917.)

Defendant now moves this Court to modify his 6-month sentence so that it runs concurrently, and not consecutively, with his undischarged sentence in Lake County. (Mot. at 4980.) He asserts that the Court should modify his sentence because his mother's health is deteriorating and he is her primary caregiver. (*Id.* at 4979.) Defendant is also of the opinion that the 6-month consecutive sentence "would not be in the best interest of himself or his mother and society[.]" (*Id.* at 4980.)

## II. DISCUSSION

A federal court's authority to modify a defendant's prison sentence is expressly limited by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). According to 18 U.S.C. § 3582(c)(1)(B), a court may only modify the terms of an imposed sentence: (1) upon motion of the Director of the Bureau of Prisons (the "BOP"); (2) when expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; or (3) when the defendant's term of imprisonment is based on a sentencing range that was subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o). *United States v. Taylor*, No. 4:06 CR 177, 2012 WL 1110006, at *2 (N.D. Ohio Apr. 2, 2012). Any reduction of an imposed sentence must be consistent with the applicable policy statements of the U.S. Sentencing Commission. 18 U.S.C. § 3582(c); *see United States v. Hameed*, 614 F.3d 259, 267 (6th Cir. 2010).

None of the provisions enumerated in 18 U.S.C. § 3582 permitting sentence modification are applicable in defendant's case. The Director of the BOP has not made any motion requesting that defendant's sentence be altered. There is no statute that authorizes this Court to modify defendant's sentence. The provisions of Rule 35 also fail to provide defendant with the requested relief. The Sentencing Commission has not amended any applicable provision regarding lengths of sentences for violations of supervised release since the Court's Order of February 15, 2018.

Notwithstanding the foregoing, at sentencing for the supervised release violations, the Court explained its reasons for imposing a consecutive sentence. In doing so, the Court considered—and rejected—some of the same arguments that the defendant puts forth in his motion.

### III. CONCLUSION

For the reasons set forth herein, defendant's Motion for Compassionate Release/Reduction in Sentence is **DENIED**.

**IT IS SO ORDERED**.

Dated: September 26, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**