UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:11-cr-12-21 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| MICHAEL FASON, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the motion of defendant Michael Fason ("Fason") for release pending disposition. (Doc. No. 1150 ["Mot."].) Plaintiff United States of America (the "government") opposes the motion. (Doc. No. 1152 ["Opp'n"].) For the reasons that follow, Fason's motion is DENIED.

**I. BACKGROUND**

On January 12, 2011, Fason was one of thirty individuals charged in connection with a drug conspiracy. (Doc. No. 30 [Indictment].) On May 17, 2011, pursuant to a plea agreement, Fason entered a plea of guilty to Count One (conspiracy to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846). (5-17-2011 Minutes; Doc. No. 485 [Plea Agreement].) On July 28, 2011, the Court sentenced Fason to a term of imprisonment of 41 months, which was to be served consecutively to a 24-month sentence imposed on a supervised release violation in Case No. 1:05CR548. (Doc. No. 531 [Judgment].)

On December 20, 2019, the day after Fason was release from federal custody, Fason was arrested by Cleveland police. (*See* Doc. No. 1131 [Order of Detention] at 5259.) On December

31, 2019, the Court issued a warrant for Fason's arrest on a supervised release violation based on the state court charges. (*See* Doc. No. 1125 [Arrest Warrant].) On January 6, 2020, a preliminary hearing and detention hearing were conducted by the magistrate judge, and, on January 8, 2020, the magistrate judge issued an order of detention. In his detention order, the magistrate judge found that Fason was discovered in a residence—believed to be a residence he shared with his wife—wherein Cleveland police found approximately 100 grams of suspected heroin/fentanyl, a digital scale with drug residue, and $267.00. (Order of Detention at 5260.) The magistrate judge also determined that a second individual found in the residence was unlawfully in possession of a firearm. (*Id.* at 5260.) Ultimately, the magistrate judge remanded Fason to the custody of the Attorney General pending revocation proceedings, finding "no combination of conditions that will ensure [d]efendant's appearance as well as protect against the risk of danger to the community." (*Id.* at 5260.)

A preliminary revocation hearing was conducted on February 13, 2020. Following the hearing, the magistrate judge issued a Report and Recommendation ("R&R"), finding Fason committed two supervised release violations, as outlined in the violation report, and recommended that the Court find that Fason violated the terms of his release. (Doc. No. 1133 [R&R] at 5265.) Further, the magistrate judge denied Fason's renewed motion for release, stating that no additional evidence was presented to support a reversal of or amendment to the order of detention. (*Id.*) Fason is currently incarcerated at Northeast Ohio Correctional Center ("NEOCC").

## II. DISCUSSION

Fason now seeks release pending the final disposition of his state court criminal matter and the instant supervised release violation, citing the current COVID-19 pandemic. (Mot. at

2

5342-43.) He submits that "[c]onditions of pretrial confinement create the ideal environment for the transmission" of the COVID-19 virus, especially for detainees, like himself, who suffer from asthma. (*Id.*)

A detention hearing "may be reopened before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). The changed circumstances Fason relies upon to reopen the detention hearing is the recent COVID-19 pandemic. While the Court agrees that the onset of the COVID-19 pandemic constitutes changed circumstances sufficient to warrant a reopening of the detention order, the Court ultimately concludes that Fason is not entitled to release.

Under the Bail Reform Act, 18 U.S.C. § 3142(i), "[t]he judicial officer may, by subsequent order, permit the temporary release of [a pretrial detainee], in the custody of a United States Marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." In *United States v. Clark*, No. 19-40068-01-HLT, 2020 WL 1446895 (D. Kan. Mar. 25, 2020) (citing 18 U.S.C. § 3142(i)), the district court observed:

> The court is mindful of the unprecedented magnitude of the COVID-19 pandemic and the extremely serious health risks it presents. But, in that context, a defendant should not be entitled to temporary release under § 3142(i) based solely on generalized COVID-19 fears and speculation. Rather, the court must make an individualized determination as to whether COVID-19 concerns present such a compelling reason in a particular case that temporary release is necessary under § 3142(i). In making that determination, the [Court] will evaluate at least the following factors: (1) the original grounds for the defendant's pretrial detention, (2) the specificity of the defendant's stated COVID-19 concerns, (3) the extent to

> which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant, and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others.

*Id.* at *3. At least one district court in the Sixth Circuit has followed the approach laid out in *Clark*, and this Court, likewise, agrees that this guidance provides a useful framework for addressing requests for release under § 3142. *See, e.g., United States v. Smoot*, No. 2:19-CR-20, 2020 WL 1501810, at *2-3 (S.D. Ohio Mar. 30, 2020) (applying analysis set forth in *Clark* and denying defendant's motion for immediate release under the Bail Reform Act due to COVID-19).

As to the first factor—the original grounds for the defendant's pretrial detention—the Court reiterates that Fason was initially denied bond on the supervised release violation because the weight and nature of the evidence offered in support of the supervised release violation demonstrated that there existed no combination of conditions that would ensure Fason's appearance as well as protect against the risk of danger to the community. As set forth above, this included evidence that Fason immediately violated the terms of his supervised release by maintaining a residence where drugs and weapons were discovered. These facts continue to counsel against release.

As for the second factor—the specificity of defendant's stated COVID-19 concerns—Fason offers only his generalized concern that he is at a heightened risk of contracting the virus because he suffers from asthma. He offers no details, or documentation, supporting the existence or severity of his condition, and he does not allege that he has COVID-19 symptoms, or that he has been exposed to any individuals with COVID-19 symptoms.

As explained in the government's response, U.S. Marshals Service has taken substantial precautions to mitigate the spread of the COVID-19 virus within the prison community. These

preventive measures include: (1) aggressive screening, isolation, and treatment of suspected cases of the virus; (2) the placement of limitations on prisoner movements within facilities; and (3) the institution of procedures for staff to call-off and obtain medical care if exhibiting symptoms to avoid exposure to inmates. Additional measures have been taken at NEOCC, where Fason is currently incarcerated, to stop the spread of the virus. (*Id*. at 5355-58.) While the Court is sympathetic to Fason's general concern about the COVID-19 virus in light of his undocumented asthma condition, "speculation about future conditions does not constitute a 'compelling reason' for temporary release." *See United States v. Bastianelli*, No. 17-305, 2020 WL 1493559, at *1 (W.D. Pa Mar. 27, 2020) (collecting cases denying requests for temporary release due to generalized concerns about COVID-19). This factor also weighs against release.

The third factor—effect of release plan on defendant—also favors continued detention. Fason offers no details about the circumstances under which he would reside in home detention, other than to promise that he "will abide by any conditions this Honorable Court sees fit should the instant [m]otion be well taken." (*Id*. at 5343.) Yet, Fason's well documented history of supervised release violations suggests that he is unwilling or unable to adhere to court-imposed conditions of release. More to the point with respect to this third factor, Fason offers no evidence on who will be residing with him, or what precautions will be taken there, including screening and isolation practices, that would keep him safe and limit his exposure to COVID-19. Because the Court cannot even begin to evaluate whether the release plan reduces the risk to Fason, this factor mitigates against temporary release.

Finally, the fourth factor—effect of the release plan on the public—does not favor temporary release. Again, given Fason's prior criminal history and his history of supervised release violations, the Court is far from convinced that Fason would remain compliant on

5

temporary release. "A defendant who is unable to comply with conditions of release poses potential risk to law enforcement officers who are already tasked with enforcing shelter-in-place orders in many cities and counties, pretrial services officers who come into contact with the defendant for supervision, and others if that individual is taken back into custody." *Clark*, 2020 WL 1446895, at *7. Courts have found that the increased burden on pretrial services to monitor high-risk prisoners on home detention during this national crisis, as well as the likely risk to law enforcement who would have to take a non-compliant home detainee back into custody, also weigh in favor of denying motions for temporary release. *See, e.g., United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857, at *4 (D. Md. Mar. 17, 2020).

On balance, the Court finds that Fason has not established his burden of demonstrating reasons sufficient to persuade the Court that temporary release is proper.[1]

### III. CONCLUSION

For the forgoing reasons, as well as the reasons set forth in the government's response, the motion of defendant Fason for release pending final disposition of his supervised release violation is DENIED.

**IT IS SO ORDERED**.

Dated: April 10, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[1] The government suggests that 18 U.S.C. § 3143, which requires that a court detain a person found guilty of certain felony crimes pending sentencing, absent certain narrow exceptions, applies to Fason's motion. Of course, if the Court were to apply this more restrictive statutory provision, Fason would likewise not be entitled to release because Fason remains a fight risk and a danger to the community if released. *See* 18 U.S.C. § 3145(c).